**F I L E D**
**United States Court of Appeals**
**April 18, 1997**
**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

———————————

GRANT T. LINDSAY, F. BRUCE          )
STEVENS, RUSSELL M. RASMUSSEN,      )
THOMAS C. LABAU, individually and   )
on behalf of a class of similarly situated  )
similarly situated individuals,     )
                                    )
          Plaintiffs-Appellants,    )
                                    )
v.                                  )          No. 96-4033
                                    )
THIOKOL CORPORATION and             )
THIOKOL CORPORATION PENSION         )
PLAN,                               )
                                    )
          Defendants-Appellees.     )

———————————

Appeal from the United States District Court
for the District of Utah, Northern Division
D. C. No. 94 NC 174

———————————

Jonah Orlofsky of Plotkin & Lacobs, Ltd., Chicago, Illinois, for Plaintiffs-Appellants.

Mary Anne Q. Wood of Wood, Quinn & Crapo, L.C., Salt Lake City, Utah, for Defendants-Appellees.

———————————

Before HENRY, MURPHY, and RONEY[*], Circuit Judges.

———————————

[*]     The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

RONEY, Senior Circuit Judge.

Thiokol Corporation amended its pension plan to change the definition of "normal retirement age" from the age of 65 to 67. Several former employees, who took early retirement and who would be receiving greater benefits had the plan not been changed, sued under ERISA, claiming a violation of four separate provisions of the Act. The district court entered summary judgment for Thiokol on the ground that Thiokol's amended plan satisfied ERISA because it met the ERISA benefit protection requirements for employees reaching ERISA's definition of "normal retirement age." We affirm.

The issue on this appeal is one of pure statutory interpretation: whether ERISA, as a matter of law, prohibits a pension plan from setting a "normal retirement age" greater than 65 years of age.

Plaintiffs brought suit under the ERISA civil enforcement mechanism, 29 U.S.C. § 1132, claiming Thiokol's plan violated four separate ERISA provisions: 29 U.S.C. § 1002(24), which defines "normal retirement age" (Count I); 29 U.S.C. § 1053(a), which requires that "normal retirement benefits" be unforfeitable upon reaching normal retirement age (Count II); 29 U.S.C. § 1056(a), which requires that benefits payments begin upon the plan participant reaching normal retirement age (Count III); and 29 U.S.C. § 1054(b), which requires that the accrued benefit payable at normal retirement age be equal to the normal retirement benefit (Count IV).

The first count, the crux of the controversy, arises from the effect ERISA's definition of "normal retirement age," which does make 65 years of age the outside limit for anyone who has participated in a pension plan more than five years by age 65:

The term "normal retirement age" means the earlier of--

> (A)    the time a plan participant attains normal retirement age under the plan, or
>
> (B)    the later of--
>
> (i) the time a plan participant attains 65, or
>
> (ii)    the 5th anniversary of the time a plan participant commenced participation in the plan.

29 U.S.C. § 1002(24). This definition sets the age at which certain benefits outlined elsewhere in ERISA must vest as the earlier of two ages: (a) any age earlier than 65 a particular plan has declared as its "normal retirement age," and (B) a maximum age of 65, except for late-joining participants. Under this definition, the use of the words "normal retirement age" elsewhere in the ERISA statute can never mean over 65 for employees who have participated in the plan for at least five years.

Plaintiffs seem to argue that 29 U.S.C. § 1002(24) permits the plan to define "normal retirement age" only earlier than 65, not later. If Congress had intended this, it could have easily said so. There is no support for the argument that the statute should be judicially rewritten to make this modification. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 n.13 (1985) ("[C]ongressional silence, no matter how 'clanging,' cannot override the words

3

of the statute."). The exceptions to our obligation to interpret a statute according to its plain language are "few and far between." *Resolution Trust Corp. v. Westgate Partners, Ltd.*, 937 F.2d 526, 529 (10th Cir. 1991) (citing three exceptions: (1) "rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters," *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989); (2) "if such an interpretation would lead to 'patently absurd consequences,'" *United States v. Brown*, 333 U.S. 18, 27 (1948); and (3) "when two provisions whose meanings, if examined individually, are clear, but whose meanings, when read together, conflict, it is up to the court to interpret the provisions so that they make sense," *Love v. Thomas*, 858 F.2d 1347, 1354 (9th Cir. 1988), *cert. denied sub nom.*, *AFL-CIO v. Love,* 490 U.S. 1035 (1989)).

Nowhere in the statute is the plan-declared "normal retirement age" required to be the same as that defined in the statute for the purposes of the statute. *See Johnson v. Franco*, 727 F.2d 442, 443-45 (5th Cir. 1984) ("[T]he statutorily intended meaning of 'normal retirement age' is provided by ERISA's own definitions section, which defines the meaning of terms used for purposes of that statute.").

Having defined "normal retirement age," the statute then goes on to set forth certain requirements that must be met by a plan for employees reaching normal retirement age as defined by the statute. If those requirements are met by the plan, then there has been no violation of the statute by the amended plan. It appears clear that Thiokol has established age 67 as the benchmark in its pension plan from which benefits for all employees are

4

determined, but has maintained the age-65 benefit accrual and vesting requirements of ERISA.

Thiokol's pension plan is considered a defined benefit plan under ERISA. 29 U.S.C. § 1002(35). An "accrued benefit" in a defined benefit plan is a participant's "accrued benefit determined under the plan . . . and expressed in the form of an annual benefit, starting at normal retirement age," 29 U.S.C. § 1002(23)(A), or the actuarial equivalent of such a benefit, 29 U.S.C. § 1054(c)(3).

In addition to the terminology dispute surrounding normal retirement age, Thiokol's plan has engendered controversy with its use of the term "accrued benefit." The plan provides

> 7.1 *Eligibility*. A participant whose employment . . . terminates on or after he has attained age 55 with five years of Vesting Service but before his Normal Retirement Age shall be eligible to receive an Early Retirement Benefit under the Plan . . . .
>
> 7.2 *Amount*. Except as otherwise provided in this Plan document, the amount of the monthly benefit payable to a participant under section 7.1 shall be equal to--
>
> (a) *the Participant's Accrued Benefit, reduced by* [the following formula].

Thiokol Plan, Article VII ("Early Retirement Benefits") (emphasis added). Under the formula set forth in the remainder of section 7.2 of Thiokol's plan, an employee retiring at age 65 receives 86.7% of what the plan calculates as the "accrued benefit." *See* Summary Plan Description Distributed to Thiokol Employees in Mid-January 1991 at 11 (applying the

section 7.2 formula to calculate the percentage of pension available at each retirement age from 55 to 67, ranging from 43.4% to 100%). We dismiss the "accrued benefit" controversy for much the same reason that we approve Thiokol's declaration of age 67 as normal retirement age. Regardless that the 65-year-old retiree's benefit is 86.7% of some other quantity, the 65-year-old's entitlement to that plan-defined retirement benefit is afforded the full protection required by ERISA.

Relevant to the accrual and vesting issues in this dispute, ERISA provides in part:

(1) All accrued benefits are protected from reduction by a plan amendment, whether or not they are vested (nonforfeitable). 29 U.S.C. § 1053(c).

(2) A defined benefit plan must determine a participant's accrued benefit by a specified method that satisfies at least one of three alternatives. 26 U.S.C. § 411(b)(1)(A); 29 U.S.C. § 1054(b)(1)(A).

(3) A plan must provide that a participant's accrued benefit vests (becomes nonforfeitable) at specified rates. 29 U.S.C. § 1053(a).

(4) An employee must be fully vested in his accrued benefit at the plan's normal retirement age. 29 U.S.C. § 1053(a).

(5) A participant's right to the accrued benefit derived from his own contribution must be nonforfeitable at all times. 29 U.S.C. § 1053(a)(1).

(6) A pension plan must guarantee an employee's right to the highest pension benefit the employee has earned through their service, whether they earned that benefit at age 65 or younger. 29 U.S.C. § 1053.

6

(7) Payment of benefits must commence within 60 days of the latest of the plan year in which the participant: turns 65, celebrates his tenth anniversary of participation, or terminates service.  29 U.S.C. § 1056(a).

(8) Accrued pension benefits may not be waived in the later years of service.  29 U.S.C. § 1054.

There is no dispute that Thiokol's plan fulfills those benefits for persons who reach 65 years of age, even though that is two years prior to the plan's declared age for normal retirement.  Thus, once an employee reaches the age of 65, the benefits required by ERISA are preserved.

Plaintiffs receive less under the new plan than they would have under the old plan in part due to the elimination of the opportunity to accrue early retirement subsidies.  An early retirement benefit would normally consist of the benefit the employee has accrued at the early retirement age and would be entitled to begin receiving at age 65, actuarially reduced to reflect the fact that the plan must pay the employee this benefit over a longer period of time.  Thiokol's old plan softened the impact of this actuarial reduction for early retirees by including a subsidy to raise the amount of the early retirement benefit.  These subsidies accrued to the employees at specified rates.  The new plan eliminates the further accrual of early retirement subsidies.

Thiokol may not eliminate accrued benefits by plan amendment. 29 U.S.C. § 1053(a). With the 1983 Retirement Equality Act, Congress amended ERISA "to make clear that 'a plan may not be amended to eliminate or reduce an early retirement benefit or a retirement-

7

type subsidy with respect to benefits attributable to service before the amendment.'" *Ahng v. Allsteel, Inc.*, 96 F.3d 1033, 1036 (7th Cir. 1996) (quoting John H. Langbein & Bruce A. Wolk, *Pension and Employee Benefit Law*, 142-43 (2d ed. 1995) (discussing 29 U.S.C. § 1054(g))). Thiokol's plan complies with 29 U.S.C. § 1054(g) because it preserves all early retirement benefits, including subsidies, that accrued prior to the effective date of the amendment.

Plaintiffs' sharp focus on ERISA's terms does not disclose a violation of the accrual and vesting requirements. Count II alleges a violation of 29 U.S.C. § 1053(a), which provides:

> Each pension plan shall provide that an employee's right to his *normal retirement benefit* is nonforfeitable upon the attainment of normal retirement age . . . .

(emphasis added). ERISA defines "normal retirement benefit" as

> the greater of the *early retirement benefit* under the plan, or the benefit under the plan commencing at normal retirement age.

29 U.S.C. § 1002(22) (emphasis added). Though used several times in the ERISA statute, "early retirement benefit" is never specifically defined. We construe the term in the specific context it appears. The statutory definition of nonforfeitable applies only to a benefit "which arises from a participant's service." 29 U.S.C. § 1002(19). Accordingly, where, as here, the normal retirement age under the plan is not less than 65 years, we read 29 U.S.C. § 1053(a) to state:

8

Each pension plan shall provide that an employee's right to [the greater of (1) any pre-age 65 retirement benefit under the plan and (2) the age 65 benefit under the plan] is nonforfeitable upon the attainment of normal retirement age . . . .

The ERISA normal retirement age for the plaintiffs here, who all participated in the plan well beyond five years, was 65. For them, 29 U.S.C. § 1053(a) requires that

[the Thiokol] plan shall provide that an employee's right to [the greater of (1) any pre-age 65 retirement benefit under the plan and (2) the age 65 benefit under the plan] is nonforfeitable upon the attainment of [age 65].

The Thiokol plan so provides.

Count III alleges a violation of 29 U.S.C. § 1056(a), which provides that

[e]ach pension plan shall provide that unless the participant otherwise elects, the payment of benefits under the plan to the participant shall begin not later than the 60th day after the latest the close of the plan year in which

(1)     occurs the date on which the participant attains the earlier of age 65 or the normal retirement age specified under the plan . . . .

Plaintiffs argue that this provision requires payment of the age 67 benefit under Thiokol's plan at age 65. This provision does state that payments begin at age 65, but does not specify the amount. That is because the amount is otherwise controlled by ERISA. The Thiokol plan does begin paying benefits at age 65--the age 65 benefits under the Thiokol plan. That satisfies the statute.

Plaintiffs' last count fails on its face based on the foregoing holdings. Count IV alleged that Thiokol's plan violates 29 U.S.C. § 1054(b)(1)(B), which provides:

9

> A defined benefit plan satisfies the requirements of this paragraph of a particular plan year if under the plan the accrued benefit payable at normal retirement age is equal to the normal retirement benefit . . .

Building on our above construction of 29 U.S.C. § 1053, under Thiokol's plan we construe 29 U.S.C. § 1054(b)(1)(B) to read:

> A defined benefit plan satisfies the requirements of this paragraph of a particular plan year if under the plan the accrued benefit payable at [age 65] is equal to [the benefit under the plan commencing at age 65.]

We agree with the district court that sections 5.1(a), 6.2, and 4.2 of Thiokol's plan satisfy this requirement.

Plaintiffs do not dispute that the substance of Thiokol's plan could satisfy ERISA with only a change in terminology. Where the dictates of a statute regulating verbally defined benefits can be satisfied by various terms, there is no rational basis for a court to read into the statute a requirement of the use of specific words absent an express provision in the statute governing terminology.

AFFIRMED.

10